IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 22-50228 |
| **JIMMY R. SUMMERLIN, JR.**, in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy,<br><br>                     Plaintiff,<br><br>v.<br><br>**THE BRYN MAWR TRUST COMPANY OF DELAWARE**,<br><br>                     Defendant. | Adv. Pro. No. 24-_____ |

## **COMPLAINT**

Now comes Jimmy R. Summerlin, Jr. (the "Plaintiff") as the Trustee for the Bankruptcy Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), and shows the Court as follows:

**Parties, Jurisdiction, and Venue**

1. The Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

2. The Debtor is the debtor in the bankruptcy case bearing Case Number 22-50228 (the "Bankruptcy Case"), filed on October 7, 2022 (the "Petition Date"), and pending in the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

3. The Court has jurisdiction in this matter by virtue of 28 U.S.C. §§ 157 and 1334, and the general order of reference for this judicial district.

4. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

5. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Plaintiff commences this action pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, sections 544, 547, 550, and 502(d) of the Bankruptcy Code, and N.C.G.S. § 39-23.1 *et seq*.

7. The Bryn Mawr Trust Company of Delaware (the "Defendant") is a Delaware corporation.

## Facts

8. Prior to the Petition Date, the Debtor was engaged in the business of the sale and installation of solar panels.

9. At all times relevant to the allegations of this Complaint, the Defendant never provided goods or services to or for the Debtor.

10. The Defendant is in the business of providing trustee services.

11. Pursuant to the Debtor's accounting records, each of the Transfers (defined below) was made for payment of trustee fees for family trusts in which the Debtor held no interest.

12. On or within ninety (90) days prior to the Petition Date, (the "Preference Period"), the Debtor made certain transfers of an interest in its property, including transfers to or for the benefit of the Defendant herein.

13. The Plaintiff has conducted an investigation regarding the Transfers and potential defenses thereto, which has included a review of (i) the Debtor's schedules, (ii) the Debtor's accounting system, (iii) the statements and records of Debtor accounts known to the Plaintiff, (iv)

in the event the Defendant filed a proof of claim, such proof of claim, and (v) in the event the Defendant provided responsive materials to the demand letter, the responsive materials and/or arguments provided.

14. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing his own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), the Plaintiff has determined that the Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's affirmative defenses.

15. The Defendant has failed to repay any portion of the Transfers to the Plaintiff.

**Additional Claims**

16. Plaintiff is seeking to avoid all of the transfers of an interest of Debtor's property made by Debtor to Defendant within the Preference Period.

17. During the course of this adversary proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. The Plaintiff intends to pursue all such claims. Accordingly, Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**Transfers to Defendant**

18. Debtor made various transfers to or for the benefit of the Defendant in advance of the Petition Date.

19. Specifically, the Debtor made each of the transfers listed in **_Exhibit "A"_** attached hereto and incorporated herein to, or for the benefit of, the Defendant in the amount and on the date set forth (each a "Transfer" and together the "Transfers").

20. Based upon information currently available to the Plaintiff, it appears that the Defendant may have certain affirmative defenses to Plaintiff's avoidance of certain portions of the Transfers (the "Affirmative Defenses").  Based upon the Trustee's review of the Debtor's available records and those records provided by the Defendant to the Plaintiff, if any, the Plaintiff believes the Defendant's Affirmative Defenses are as set forth on **_Exhibit "A"_** attached hereto and incorporated herein.

21. Based upon the Plaintiff's pre-filing due diligence, the Plaintiff believes and asserts that the net avoidable transfers (i.e., the total Transfers less the Affirmative Defenses) are as set forth on **_Exhibit "A"_** attached hereto and incorporated herein (the "Net Transfers").

### CLAIMS FOR RELIEF

#### COUNT I
#### Avoidance of All Transfers -  Fraudulent Conveyances –
#### 11 U.S.C. § 548(a)(1)(B); 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 _et seq._

22. Plaintiff incorporates the allegations set forth in the paragraphs above.

23. Debtor did not receive reasonably equivalent value in exchange for the Transfers; and

    a. The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

4

    b.    The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c.    The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

24. There is at least one actual holder of an allowed claim who would have standing to assert a claim under the North Carolina Uniform Voidable Transactions Act (the "UVTA"), N.C. Gen. Stat. § 39-23.1 *et seq.*

25. The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Transfers under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

26. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and N.C.G.S. § 39-23.1 *et seq.*

## COUNT II
## Avoidance of Preference Payments –
## 11 U.S.C. § 547

27. Plaintiff hereby incorporates all previous allegations as though fully set forth herein to the extent they are not inconsistent with the allegations contained in the Second Claim for Relief.

28. To the extent the Defendant is determined to have been a creditor of the Debtor and one or more of the Transfers is determined to have been made on account of an antecedent debt, Plaintiff pleads in the alternative that such transfer(s) are recoverable under 11 U.S.C. § 547 (the "Potential Preference Transfers"); and

5

29. Section 547(b) of the Bankruptcy Code authorizes the trustee to avoid a transfer of any interest in the debtor's property: (a) to or for the benefit of a creditor; (b) for or on account of an antecedent debt owed by the debtor before the transfer was made; (c) made while the debtor was insolvent; (d) made within 90 days before the Petition Date; and (e) that enables the creditor to receive more than it would receive had: (i) the case been filed under chapter 7 of the Bankruptcy Code; (ii) the transfer(s) not been made; and (iii) the creditor received payment of the debt to the extent provided by the Bankruptcy Code. *See* 11 U.S.C. § 547(b).

30. During the Preference Period, Debtor made the Transfers to or for the benefit of Defendant.

31. Each Transfer was made from the Debtor and each constitutes the transfer of an interest in property of the Debtor.

32. Each Transfer was made to, or for the benefit of, the Defendant.

33. Each Transfer was made within the ninety (90) day period preceding the Petition Date.

34. Based upon the Plaintiff's review, the Debtor was insolvent during the Preference Period.

35. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

36. Each Transfer enabled the Defendant to receive more than it would have received if: (i) the case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) the Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

37. As evidenced by Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities grossly exceed the value of its assets such that Debtor's unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

38. Plaintiff brings these claims within the period afforded by the statute of limitations.

39. Plaintiff is entitled to judgment avoiding the Net Transfers under the provisions of 11 U.S.C. § 547.

**COUNT III**
**Recovery of Property Pursuant to 11 U.S.C. § 550; 11 U.S.C. § 544 and N.C.G.S. § 39-23.7**

40. Plaintiff realleges all prior paragraphs of this complaint and incorporates them as if fully set forth herein.

41. Section 550 of the Bankruptcy Code provides that if a transfer is avoided under section 547 or 548 of the Bankruptcy Code, Plaintiff may recover the property or the value of the property transferred from the initial transferee(s), or the person/entity for whose benefit the transfer(s) were made or may recover from any immediate or mediate transferee of such initial transferee. *See* 11 U.S.C. § 550(a).

42. Section 39-23.7 of the North Carolina General Statutes similarly provides for the recovery of property transferred in avoidable transactions. *See* N.C. Gen. Stat. § 39-23.7(a).

43. Plaintiff is entitled to avoid the Net Transfers and/or the Potential Preference Transfers (collectively, the "Avoidable Transfers") as alleged herein pursuant to 11 U.S.C. § 547(b) and/or pursuant to 11 U.S.C. § 548 and/or pursuant to N.C. Gen. Stat. § 23.1 *et seq*.

44. The Defendant was the initial transferee of the Avoidable Transfers or the person/entity for whose benefit the Avoidable Transfers were made or was the immediate or mediate transferee of such initial transferee.

7

45. There is at least one actual holder of an allowed claim who would have standing to assert a claim under the North Carolina Uniform Voidable Transactions Act (the "UVTA"), N.C. Gen. Stat. § 39-23.1 *et seq*.

46. The Plaintiff, as Chapter 7 trustee for the Debtor, has standing to pursue the avoidance of the Avoidable Transfer(s) under the UVTA pursuant to the statutory authorities granted him under Section 544 of the Bankruptcy Code.

47. As a result, the Plaintiff is entitled to recover the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action, from the Defendant pursuant to the provisions of 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq*.

## COUNT IV
## Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j)

48. Plaintiff realleges all prior paragraphs of this complaint and incorporates them as if fully set forth herein.

49. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

50. Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

51. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

52. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's estate previously allowed by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

## RESERVATION OF RIGHTS

53. As this action proceeds, the Plaintiff may become aware of additional transfers or causes of action not set forth in this Complaint. The Plaintiff expressly reserves any and all rights to amend this Complaint, including, without limitation, to add additional transfers, claims and causes of action, including, without limitation, additional claims and causes of action based on newly discovered information of which the Plaintiff was not aware as of the filing of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests judgment as follows:

1. That the Court avoid all of the Avoidable Transfers made to or for the benefit of the Defendant, less any Affirmative Defenses proven to the satisfaction of the Court;

2. That the Plaintiff be awarded judgment against the Defendant in amount equal to the Avoidable Transfers, or in such amount as the Court determines to be due (following application of any additional Affirmative Defenses proven to the satisfaction of the Court) pursuant to 11 U.S.C. § 550 and/or 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.1 *et seq.*;

3. That the Plaintiff be awarded his costs and expenses including, without limitation, his reasonable attorneys' fees to the extent permitted by applicable law;

4. That the Plaintiff be awarded interest on the judgment amount at the federal judgment rate from the Demand Date until paid, with such recovery being for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a);

5. That any claim held or filed by Defendant against the Debtor be disallowed until Defendant returns the Avoidable Transfers (less any additional Affirmative Defenses proven to the satisfaction of the Court) to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

6. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: October 4, 2024
Charlotte, North Carolina

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (NC Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
mraubach@lawhssm.com

YOUNG, MORPHIS, BACH & TAYLOR, LLP

*/s/ Jimmy R. Summerlin, Jr.*
Jimmy R. Summerlin, Jr. (NC Bar No. 31819)
P.O. Drawer 2428
Hickory, North Carolina 28603
Telephone: (828) 322-4663
Facsimile: (828) 324-2431
jimmys@hickorylaw.com

*Attorneys for Plaintiff*

*Exhibit "A"*
**Transfers, Defenses, and Net Transfers**

| I. TRANSFERS | | |
|---|---|---|
| **DATE** | **AMOUNT** | |
| 07/12/2022 | $3,500.00 | This Transfer shall be referred to herein as "Transfer No. 1" |
| 07/12/2022 | $10,500.00 | This Transfer shall be referred to herein as "Transfer No. 2" |
| | **TOTAL: $14,000.00** | |
| **II. AFFIRMATIVE DEFENSES** | | |
| **STATUTORY BASIS** | **AMOUNT** | **BRIEF EXPLANATION** |
| N/A | $0.00 | N/A |
| **TOTAL AFFIRMATIVE DEFENSES:** | | **$0.00** |
| **III. AVOIDABLE TRANSFERS** | | |
| | Total Transfers | $14,000.00 |
| Less | Total Affirmative Defenses | -$0.00 |
| | **AVOIDABLE TRANSFERS** | **$14,000.00** |

11